**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|                                      |     |                                        |
|--------------------------------------|-----|----------------------------------------|
| DESHAWN HALL,                        | )   |                                        |
|                                      | )   | Civil Action No. 22 – 258              |
| *Petitioner*,                        | )   |                                        |
|                                      | )   |                                        |
| v.                                   | )   | Magistrate Judge Lisa Pupo Lenihan     |
|                                      | )   |                                        |
| LEE ESTOCK, Superintendent,          | )   |                                        |
| ALLEGHENY COUNTY DISTRICT            | )   |                                        |
| ATTORNEY, and ATTORNEY               | )   |                                        |
| GENERAL OF THE STATE OF              | )   |                                        |
| PENNSYLVANIA,                        | )   |                                        |
|                                      | )   |                                        |
| *Respondents*.                       | )   |                                        |

## MEMORANDUM OPINION

Currently pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Deshawn Hall ("Petitioner") pursuant to 28 U.S.C. § 2254.  (ECF No. 4.)  The Petition challenges Petitioner's judgment of sentence out of Allegheny County at CP-02-CR-0002251-2016.  For the following reasons, the Petition will be dismissed as untimely and a certificate of appealability will be denied.

### A.  Procedural Background

Petitioner was charged with the following counts by Criminal Information in the Court of Common Pleas of Allegheny County, Criminal Division, at CP-02-CR-0002251-2016: one count of criminal homicide, one count of criminal attempt, one count of aggravated assault – serious bodily injury, two counts of robbery – serious bodily injury, one count of possession with intent to deliver a controlled substance, one count of possession of a controlled substance, and one count of criminal conspiracy.  (ECF No. 13-1, pp.1-15, 16-18, 19-20.)  The charges stemmed

from the shooting death of victim Dersean Alberty Brown, the assault of Karron Alberty, and the robbery of Charles Brown on August 19, 2015.  Id., pp.19-20.  Co-defendant Raymon Harris was also charged with these same offenses.  Id., p.21, 22.

On October 18, 2017, the trial judge granted a motion to sever and the counts of possession with intent to deliver a controlled substance and possession of a controlled substance were severed.  Id., pp.16-18.

On July 17, 2018, Petitioner completed a Guilty Plea Explanation of Defendant's Rights form (ECF No. 13-4, pp.1-13) and entered a negotiated guilty plea to third-degree murder, two counts of robbery, and conspiracy.  He also entered a *nolo contendere* plea to attempted murder and aggravated assault.  In exchange for his plea, the Commonwealth amended the criminal homicide charge to third-degree murder.  (GP, pp.9-10.)  Following the entry of the guilty plea, Petitioner proceeded to sentencing and he was sentenced in accordance with the agreement. Specifically, the court sentenced Petitioner to a term of incarceration of not less than twenty (20) nor more than forty (40) years for third-degree murder, a consecutive term of incarceration of not less than ten (10) nor more than twenty (20) years for attempted murder, and a concurrent term of incarceration of not less than ten (10) nor more than twenty (20) years for robbery.  Id., pp.15-16.  The court imposed no further penalty for the remaining offenses.[1]  Petitioner did not file a motion to modify his sentence, motion to withdraw his guilty plea or a notice of appeal.

On July 3, 2019, Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA").  Id., pp.17-28.  Counsel was appointed to represent Petitioner

---

[1] The severed charges of possession with intent to deliver a controlled substance and possession of a controlled substance were filed at CP-02-CR-0012685-2017.  Petitioner pled guilty and was sentenced on those charges on July 17, 2018, and he received no further penalty.  (ECF No. 13-4, p.14.)

in his PCRA proceedings.  On September 27, 2019, counsel for Petitioner filed a Motion for Leave to Withdraw and a No-Merit Letter pursuant to Commonwealth v. Turner, 568 A.2d 622 (Pa. Super. 1989), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).  (ECF No. 13-5, pp.1-16.)  On September 27, 2019, the court issued its notice of intent to dismiss the PCRA petition and granted counsel leave to withdraw.  Id., p.17.  The court dismissed the PCRA petition without a hearing on October 21, 2019.  Id., p.18.  Petitioner appealed, and the Superior Court of Pennsylvania affirmed the dismissal of the PCRA petition on April 29, 2021.  Id., pp.19-22; (ECF No. 13-6, pp.11-15); (ECF No. 13-8, pp.27-38.)  Petitioner did not petition the Supreme Court of Pennsylvania for allowance of appeal.

On February 4, 2022,[2] Petitioner filed the Petition for Writ of Habeas Corpus in this case. The following claims are raised in the Petition:  (1) ineffective assistance of counsel, "which as a result of puffery, misrepresentation of evidence, lack of investigation/preparation and competent strategy, induced Petitioner to enter a guilty plea"; and (2) the PCRA court erred by not allowing Petitioner to withdraw his guilty plea knowing the court imposed an illegal sentence. Respondents filed an Answer to the Petition on April 13, 2022.  (ECF No. 13.)  The Petition is now ripe for review.

### B. Factual Background

The facts of the crime were summarized by the Superior Court of Pennsylvania as follows:

---

[2] Under the mailbox rule, a *pro se* prisoner's filing is deemed filed at the time he or she hands it over to prison officials for mailing to the court or puts it in the prison mailbox.  Houston v. Lack, 487 U.S. 266, 276 (1988). Although the Petition was not received by the Clerk of Court until February 9, 2022, the Petition was postmarked February 4, 2022.  As there is no evidence to the contrary, and the Petition is not dated, the Court will assume that Petitioner delivered his Petition for mailing on the date it was postmarked.  *See* West v. Lockett, 2009 WL 1270225, at *4 n.2 (W.D. Pa. May 6, 2009) (citing cases).  Thus, for statute of limitations purposes, the Court will consider the Petition filed as of February 4, 2022.

On August 19, 2015, Dersean Alberty, his brother Karron Alberty, and several friends arranged to purchase electronic equipment from [Petitioner] at 1831 Fahnestock Street, Pittsburgh.  Dersean and a friend, Charles Brown, went to the home to make the purchase.  [Petitioner] allowed only Charles to enter at first, and Dersean remained on the front porch.  Once inside the house, [Petitioner] hit Charles over the head with a handgun, knocking him down.  Then, [Petitioner] and several of his friends ordered Charles at gunpoint to get on the floor, where they stripped him of his clothing and demanded his money.  Charles complied giving them approximately $300 in cash.

[Petitioner] next ordered Dersean to enter the home.  Dersean refused to enter, and he ran from the porch.  [Petitioner] chased after him with a firearm. Dersean came around the corner of a car and put his hands on the hood and [Petitioner] came over and shot him multiple times until he emptied the magazine. As a result of the multiple gunshot wounds, Dersean did not survive.  After witnessing this shooting, Dersean's brother, Karron Alberty, exited his vehicle and attacked [Petitioner].  [Petitioner] and Karron began to wrestle.  During this fight, [Petitioner] attempted to shoot Karron, but he was unable to do so because his gun was out of ammunition.

(ECF No. 13-8, pp.27-29) (internal citations omitted).

**C.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-

year limitations period for state prisoners seeking federal habeas review.  It is codified at 28

U.S.C. § 2244(d) and it provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

**D.  Discussion**

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis.  Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005).  In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry.  First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any other exception or equitable tolling should be applied on the facts presented.

First, the "trigger date" for Petitioner's claims is the date on which his judgment of sentence became final.[3]  In this case, Petitioner's judgment of sentence became final on August 16, 2018, when the time expired for him to file a notice of appeal.  *See* Pa. R.A.P. 903(a); *see also* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes

---

[3] Petitioner's claims do not suggest that an alternative "trigger date" should be utilized.

5

"final" at the conclusion of direct review or the expiration of time for seeking such review).

Thus, the first day of Petitioner's one-year statute of limitations period was August 17, 2018, and

absent any tolling for "properly filed" applications for post-conviction relief under section

2244(d)(2), Petitioner had one year from that date to file a timely federal habeas petition

challenging his judgment of sentence.  Because Petitioner did not file his Petition in this case

until February 4, 2022, the Court must next determine whether Petitioner can take advantage of

the tolling provision in section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the

pendency of a "properly filed" state post-conviction proceeding.  Here, 320 days of Petitioner's

one-year statute of limitations period expired after Petitioner's judgment of sentence became

final and before Petitioner filed his *pro se* PCRA petition on July 3, 2019.  After the filing of that

petition, Petitioner's one-year statute of limitations period was tolled until May 29, 2021, which

was the last day Petitioner had to file a petition for allowance of appeal to the Pennsylvania

Supreme Court after the Pennsylvania Superior Court affirmed the dismissal of his PCRA

petition on April 29, 2021.  At that time, Petitioner still had 45 days (365-320=45) remaining of

his one-year limitations period.  The statute started to run again on May 30, 2021, and it fully

expired 45 days later, on July 13, 2021.  However, as previously stated, Petitioner did not file his

Petition in this case until February 4, 2022, over six months later.  As such, the Petition was

untimely filed.

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be

saved by the application of equitable tolling or the Supreme Court's recognized fundamental

miscarriage of justice exception.  *See* Holland v. Florida, 560 U.S. 631 (2010) (statute of

limitations may be equitably tolled with showing of diligence and extraordinary circumstances);

*see also* McQuiggin v. Perkins, 569 U.S. 383 (2013) (equitable exception to statute of limitations for actual innocence).

Petitioner acknowledges that his Petition was untimely filed, but he appears to argue for the applicability of equitable tolling as a result of his restricted access to legal material and his facility's law library during the Covid-19 pandemic.  The Commonwealth argues that Petitioner fails to meet his burden for equitable tolling.

For a petitioner to be entitled to equitable tolling, he must show that: (1) he has been pursuing his rights diligently,[4] and (2) some extraordinary circumstance stood in his way and prevented timely filing.  Holland, 560 U.S. at 649.  See also Ross, 712 F.3d at 798-804; United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012).  "This conjunctive standard requires showing *both* elements before we will permit tolling."  Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The Third Circuit has advised that:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case."  Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair."  Miller [v. New Jersey State Dept. of Corr.], 145 F.3d [616, 618 (3d Cir. 1998)].

---

[4]     The United States Court of Appeals for the Third Circuit has explained:
> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence.  Holland, 130 S. Ct. at 2565…. A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case.  *See* Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (emphasis added) (internal quotation marks and citation omitted); *see also* Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) ("To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." (emphasis added)).

Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013).

Sistrunk, 674 F.3d at 190.

The undersigned finds that even if Petitioner has been pursuing his rights diligently, he has not demonstrated that the Covid-19 pandemic was an extraordinary circumstance for the entirety (or any) of the time between when the Pennsylvania Superior Court affirmed the dismissal of his PCRA petition on April 29, 2021, and when he filed the Petition in this case on February 4, 2022.  As explained by another court that dismissed as untimely a habeas petition also filed in February 2022, "COVID-19 had been a reality for prisoners and non-prisoners alike for approximately a year and a half" when the habeas petition was filed.  Polanco v. Commonwealth, 2022 WL 16540079, at *3 (M.D. Pa. Oct. 28, 2022).  As noted by Respondents, Petitioner was able to litigate a *pro se* appeal in the Superior Court during the height of the Covid pandemic from February 19, 2020 to April 29, 2021, including filing a *pro se* brief on December 24, 2020.  The courts, prison mailing system and the postal service operated during the pandemic, and, at the time the Petition was due in this case, Petitioner had dealt with Covid for long enough to understand the restrictions at his facility and their possible impact on filing deadlines.  Not only has he failed to demonstrate how the limited access to his facility's law library was an extraordinary circumstance, but he has also failed to explain how this limited access prevented him from filling out the standard habeas form that he utilized, which does not require citation to legal authority or legal argument, and mailing it to this Court before his statute of limitations expired.  *See*, *e.g.*, Polanco, 2022 WL 16540079, at *3.  Furthermore, nothing prevented Petitioner from filing a protective habeas petition in federal court *before* his PCRA proceedings concluded and asking the court to stay the matter until his state remedies were exhausted.  *See* Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005) (explaining that prisoners can avoid the predicament of the expiration of AEDPA's statute of limitations while pursuing state

8

remedies by simply "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted" (citation omitted)).

In sum, the Petition is barred by AEDPA's statute of limitations, and Petitioner has not demonstrated entitlement to equitable tolling. Accordingly, the Petition will be dismissed as untimely.[5]

**E.   Certificate of Appealability**

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has not made the requisite showing in this case. Accordingly, a certificate of appealability will be denied. An appropriate Order will be entered.

Dated: May 9, 2023.

Lisa Pupo Lenihan
United States Magistrate Judge

---

[5] The Court notes that even if the Petition was not time barred then it would be subject to dismissal for substantially the same reasons set forth by the Respondents in the Answer. Namely, to the extent both claims are exhausted, Petitioner has not demonstrated that the state court's decision was contrary to or an unreasonable application of Supreme Court precedent. And, to the extent the claims are procedurally defaulted, Petitioner has not demonstrated cause or prejudice, nor has he demonstrated a miscarriage of justice to excuse the default.

Cc: Deshawn Hall
   NM2247
   SCI Pine Grove
   189 Fyock Road
   Indiana, PA  15701

   Counsel for Respondents
   (*via CM/ECF electronic mail*)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DESHAWN HALL,            )
                                        )     Civil Action No. 22 – 258
              *Petitioner*,        )
                                          )
          v.                    )     Magistrate Judge Lisa Pupo Lenihan
                                          )
LEE ESTOCK, Superintendent,    )
ALLEGHENY COUNTY DISTRICT   )
ATTORNEY, and ATTORNEY       )
GENERAL OF THE STATE OF      )
PENNSYLVANIA,                )
                                          )
            *Respondents*.      )
                                          )

## <u>ORDER</u>

         **AND NOW**, this 9th day of May 2023;

         **IT IS HEREBY ORDERED** that, for the reasons set forth in the accompanying

Memorandum Opinion, the Petition for Writ of Habeas Corpus (ECF No. 4) is **DISMISSED as**

**untimely**.

         **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

         **IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of

Respondents and mark this case **CLOSED**.

         **AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1)(A) of the Federal

Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as

provided by Rule 3 of the Federal Rules of Appellate Procedure.

                                                Lisa Pupo Lenihan
                                                United States Magistrate Judge

Cc:     Deshawn Hall

NM2247
SCI Pine Grove
189 Fyock Road
Indiana, PA  15701

Counsel for Respondents
(*via CM/ECF electronic mail*)